TRINA A. HIGGINS, United States Attorney (#7349)
VICTORIA K. McFARLAND, Assistant United States Attorney (#11411)
SAM PEAD, Assistant United States Attorney (#11945)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CODY BYRON TEERLINK,<br><br>    Defendant. | Case No. 2:20-CR-00024<br><br>**UNITED STATES' TRIAL BRIEF**<br><br>Judge Ted Stewart |

Comes now the United States, by and through the above captioned Assistant United States Attorneys, who hereby submits this trial brief in anticipation of the trial to be held in this case.

## Statement of the Case

*A.  Charges*

The Defendant was charged by Indictment on January 26, 2022. The Indictment includes charges for False Statement During Acquisition of a Firearm (Count I), Felon in

Possession of a Firearm (Count II), and False Statements During the Attempted Acquisition of Firearms (Counts III and IV).

### B. *Trial Status*

This case is set for a trial to take place beginning on March 27, 2023. The United States expects it will take 3 days to try this matter, including voir dire and jury selection, as well as opening statements, the presentation of evidence, and closing arguments and instructions.

### C. *Counsel*

The United States is represented by Victoria McFarland and Sam Pead, Assistant United States Attorneys. The Defendant is represented by Nathan Phelps from the Federal Defender's Office.

### D. *Custodial Status*

The Defendant is not detained on this case.

### E. *Interpreter*

The United States does not believe that an interpreter is necessary for this case.

### F. *Brief Summary of Anticipated Evidence*

On July 15, 2015, the Defendant was charged by Information with *Driving Under the Influence of Alcohol*, a 3rd degree felony under Utah law, punishable by 0-5 years in prison, for conduct that occurred on or about December 13, 2014 (Utah Third District Court, case number 151907906). On March 21, 2016, the Defendant pleaded guilty to

*Driving Under the Influence of Alcohol*, a 3rd degree felony under Utah law, punishable by 0-5 years in prison. The Defendant was sentenced on July 13, 2016. During this sentencing, the Court suspended the maximum sentence and placed the Defendant on probation with Utah Adult Probation and Parole for a term of 36 months.

Soon after the sentencing, the Defendant met with Agent Gary Maddox from Utah Adult Probation and Parole, who outlined and informed the Defendant of expectations related to his felony probation. The Defendant was later successfully discharged from supervision with Utah Adult Probation and Parole on or about July 12, 2018. As part of this process, he conversed with Utah Adult Probation and Parole Agent David Hanna about what his discharge meant.

Prior to the allegations in this case, there were no entries, motions, orders, or other information made or entered in the state case indicating that the Defendant's felony conviction had been reduced, expunged, or set aside.

On or about March 12, 2021, the Defendant went to the Scheels retail store in Sandy, Utah to complete the purchase of a Ruger Precision .338 Lapua rifle that he had arranged to purchase online on or about March 8, 2021. The Defendant filled out an ATF 4473 Form as is required by law for anyone applying to purchase a firearm(s) from a licensed federal gun dealer. The ATF 4473 Form includes a warning about the need to review the form carefully, instructions on how to answer questions appropriately, and requires a certification that the person understood the questions and answered them

truthfully. The questions on this form are queries about the applicant's background and warns that is a crime to make any false statements when answering the questions. During the trip to Scheels on March 12, 2021, the Defendant answered "no" on this form when asked if he had ever been convicted of a felony (a crime punishable by imprisonment for more than one year).

Despite his felon status, the sale of the Ruger Precision .338 Lapua rifle to the Defendant was approved due to an error that occurred during the online background check. In Utah, background checks for the purchase of firearms are processed through the Utah Bureau of Criminal Identification (BCI). The error was a rare occurrence that resulted when two separate firearms licensees simultaneously submitted two distinct background checks via BCI's online service on March 12, 2021, with one belonging to the Defendant (the second check was associated with an individual who was not prohibited from owning or possessing firearms). Because the checks were submitted so closely in time, a single transaction number was generated. This created confusion in the background check process and, as a result of these events, the Defendant was allowed to finalize the transaction and leave the store with the Ruger Precision .338 Lapua rifle on March 12, 2021.

On May 4, 2021, the Defendant went back to the Scheels retail store in Sandy, Utah to complete the purchase of a FNH 5.7 pistol that he had arranged to purchase online on or about May 3, 2021. Again, Scheels had the Defendant fill out an ATF 4473

4

Form. As he did before, the Defendant answered "no" on this form when asked if he had ever been convicted of a felony or any other crime punishable by imprisonment for more than one year. On this occasion, the online background check appropriately flagged the Defendant as a potentially restricted person, and additional research confirmed his status as a convicted felon. The Defendant's attempted purchase of the FNH 5.7 pistol was denied, and his money was refunded.

On May 8, 2021, the Defendant went to the Discount Guns and Ammo store in Salt Lake City, Utah and selected for purchase a Radikal Arms NK-1 12-gauge rifle/shotgun. Like Scheels did before, Discount Guns had the Defendant fill out an ATF 4473 Form. As he did on two prior occasions, the Defendant answered "no" on the form when asked if he had ever been convicted of a felony or any other crime punishable by imprisonment for more than one year. Discount Guns and Ammo utilities BCI's phone service in order to conduct background checks. This attempted purchase was denied as a result of the background check with BCI over the phone.

Later, on that same day (May 8, 2021), the Defendant called BCI and spoke to a representative regarding the denial. The Defendant stated that he had bought a gun from Scheels a few weeks earlier, to which this BCI employee stated it was illegal for him to buy guns. The Defendant responded that he has guns but does not possess or was not possessing them, to which the BCI employee said it was still illegal for him to have or own guns.

**Stipulations**

The parties stipulate to the following facts:

1. That before and during the time of the allegations in this case, the defendant, CODY BYRON TEERLINK, had previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year.

2. That the Scheels retail store in Sandy, Utah, and the Discount Guns and Ammo retail store in Salt Lake City, Utah, are both "licensed dealers" (Federal Firearms Licensees) under federal law.

3. That the Ruger Precision .338 Lapua rifle, the FNH Five-Seven semi-automatic pistol, and a Radikal Arms NK-1 12-gauge rifle/shotgun are all "firearms" under federal law.

4. That the Ruger Precision .338 Lapua rifle had, at some time before the allegations in this case, moved from one state to another.

**Witnesses**

The United States expects to call the following witnesses at trial:

1. Jennifer Jones (Third District Court, State of Utah). This witness is custodian of records expected to testify about the documents and recordings the United States will be submitting in relation to the Defendant's prior conviction for *Driving Under the Influence of Alcohol*, a 3rd degree felony under Utah law, in case 151907906,

in addition to the absence of any records relating to the reduction or expungement of this conviction.

2. Gary Maddox (Sandy City Police Department, formerly of Utah Adult Probation and Parole). This witness was the first AP&P agent to supervise the Defendant after he was sentenced and is expected to testify about what he routinely told probationers during their initial intake processes.

3. David Hanna (Utah Adult Probation and Parole). This witness was the last AP&P agent to supervise the Defendant and is expected to testify about what he routinely tells probationers when their probation is successfully terminated/closed.

4. Taylor Quinn (Scheels). This witness is expected to outline the process of purchasing firearms from Scheels, sponsor exhibits related to the Defendant's purchase of a Ruger Precision .338 Lapua rifle on March 12, 2021 and his attempted purchase of a FNH 5.7 semi-automatic pistol on May 4, 2021, and provide information in relation to the specific documents and processes in this case.

5. Stephanie Kreek (Utah Bureau of Criminal Identification). This witness is expected to testify about the error in the background check process on March 12, 2021 that enabled the Defendant to complete the purchase of the Ruger Precision .338 Lapua rifle.

6. Jason Storrs (Discount Guns and Ammo). This witness is expected outline the process of purchasing firearms from Discount Guns and Ammo, sponsor exhibits

related to the Defendant's attempted purchase of a Radikal Arms NK-1 12-gauge rifle/shotgun on May 8, 2021, and provide information related to the specific documents and processes in this case.

7. Nicole Marshall Walton (Utah Bureau of Criminal Identification). This witness is expected to testify about a conversation she had with the Defendant when he called BCI on May 8, 2021, wherein he made statements that he previously purchased firearms and that he owned firearms but did not possess them.

8. Chad Bohman (SBI/ATF). Though the United States is not likely to call this witness, who is the case agent, it is expected he would testify about investigatory matters, as well as statements made during the arrest of the Defendant.

9. Experts. The United States does not expect that there will be any expert testimony offered during this trial.

## Exhibits

The United States expects to offer the following exhibits at trial:

1. The Information for Utah Third District Court case number 151907906, in which the Defendant was charged with *Driving Under the Influence of Alcohol*, a 3rd degree felony under Utah law, punishable by 0-5 years in prison.

2. An audio recording of the Defendant's change of plea hearing for case number 151907906, during which the Defendant pleaded guilty to *Driving Under the*

*Influence of Alcohol*, a 3ʳᵈ degree felony under Utah law, punishable by 0-5 years in prison.

3. The Defendant's statement in advance of plea in case number 151907906, by which the Defendant acknowledged he was pleading guilty to *Driving Under the Influence of Alcohol*, a 3ʳᵈ degree felony under Utah law, punishable by 0-5 years in prison.

4. The Amended Judgement and Sentence for case number 151907906, wherein the Defendant was sentenced for *Driving Under the Influence of Alcohol*, a 3ʳᵈ degree felony under Utah law, punishable by 0-5 years in prison.

5. The docket for case number 151907906, that, among other things, demonstrates no filings, motions, orders, or other documents related to the reduction or expungement of the Defendant's felony conviction.

6. The ATF 4473 Form and associated documents (photocopy of identification, receipts, other forms) filled out and submitted by the Defendant in concert with the purchase of a Ruger .338 Lapua rifle from Scheels on March 12, 2021.

7. A picture of a Ruger .338 Lapua rifle.

8. The ATF 4473 Form and associated documents (photocopy of identification, receipts, other forms) filled out and submitted by the Defendant in concert with the attempted purchase of a FNH 5.7 pistol from Scheels on May 4, 2021.

9. A picture of a FNH 5.7 pistol.

10. The ATF 4473 Form and associated documents (photocopy of identification, receipts, other forms) filled out and submitted by the Defendant in concert with the attempted purchase of a Radikal Arms NK-1 12-gauge rifle/shotgun from Discount Guns and Ammo on May 8, 2021.

11. A picture of a Radikal Arms NK-1 12-gauge rifle/shotgun.

12. An official copy of the Defendant's identifications and associated documents issued by the State of Utah that match the identification he used when purchasing and/or attempting to purchase the firearms at issue in this case.

### Expected Evidentiary Considerations

Rule 902 and Self-Authenticating Documents

The United States expects to offer a number of documents into evidence, including records from the Utah Third District Court, executed ATF forms (4473s) and associated documents that are business records from Federal Firearms Licensees Scheels and Discount Guns, and Utah state identification documents.

The Court documents include both a signatory declaration and seals demonstrating that they are domestic public documents under Rule 902(1). They will also have a sponsoring witness.

The executed 4473 forms and associated documents are copies of business records (*see* Rule 803(6)(A-C))[1] that have been certified by qualified persons/custodians who

---

[1] This hearsay exception requires, in essence, that the record (1) was made or transmitted by someone with knowledge at or near the time of the occurrence or event; (2) kept in the course of regularly conducted business

10

have attested that the documents meet the requirements of Rule 803(6), and are therefore self-authenticating certified domestic records of regularly conducted activity under Rule 902(11). These certified documents have been shared with the defense via discovery, and the United States has given counsel for the defense notice of the United States' intent to offer these records into evidence at the trial to be held in this matter. These documents will also be sponsored by witnesses.

The Defendant has stipulated to the admission of his identification documents.

Hearsay and Admissions under Rule 801

Under Rule 801, parties may not offer out-of-court statements that are offered to prove the matter asserted as such statements are hearsay. Rule 801 goes on to define non-hearsay which includes an "opposing party's statement."

There are a few statements that the Defendant made during the investigation of this case, and when offered by the United States such statements are non-hearsay under Rule 801 as statements by the opposing party. However, any attempts by the Defendant to offer his own statements through witnesses to prove the matter asserted will be objected to because those statements are, by definition, hearsay.

Impeachment of the Defendant as a Witness under Rule 609

The United States will attempt to impeach the Defendant with evidence of his prior felony conviction, should he choose to testify. Rule 609 allows a party (in this case

---

activity; and (3) that making this record is a regular practice. This exception can be established by a qualified witness or a certification pursuant to Rule 902, or both.

the United States) to impeach a witness defendant by attacking their credibility with evidence of a prior felony conviction if "the probative value of the evidence outweighs its prejudicial effect to that defendant." *Id.* at subsection (a)(1)(B). In weighing the probative value against the danger of unfair prejudice for admitting evidence of a defendant witness's prior felony convictions, the Tenth Circuit has followed a five-factor analysis:

> (1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (citations omitted).

The probative weight of this evidence is heavy because it bears on an important and central issue, which is whether the Defendant's testimony should be believed. This is a central issue because it is expected that the Defendant will argue that he did not know that he was a felon at the time of the crimes alleged in this case. If the jury believes these statements the Defendant is likely to be found not guilty, whereas the jury not believing any such testimony would likely lead to a finding of guilt. As a result, the importance of the Defendant's testimony cannot be overstated, and the need for the jury to be aware of his status as a felon[2] in determining his credibility is paramount.

---

[2] The date of the conviction being entered at sentencing (July 16, 2016) is not such a protracted timeline that it cannot help the jury in determining the Defendant's veracity, especially since he is likely to make his credibility a central issue in this case at trial.

On balance, the Defendant is unlikely to experience any prejudice (much less undue prejudice) as a result of the admission of his prior felony for impeachment purposes. This is because the fact that the Defendant is a felon and other facts surrounding his felony conviction will already be admitted due to felony status being an element of Count II, and a material fact related to Counts I, III, and IV. Therefore, its admission for impeachment purposes is unlikely to result in any prejudice.

The United States has submitted a proposed jury instruction for this issue.

<u>Impeachment of the Defendant as a Witness under Rule 608</u>

If the Defendant testifies, the United States expects that he will open himself up to impeachment evidence under Rule 608. Rule 608(b) allows a party (in this case the United States) to inquire of a witness (in this case the Defendant) during cross-examination about specific instances of conduct "if they are probative of the character for truthfulness or untruthfulness" of the witness.

When the Defendant was investigated for DUI on or about December 13, 2014, one of the initial statements he made to the investigating officer was that he had not been drinking. Afterward, the Defendant was subjected to chemical testing and was found to have a blood alcohol concentration of .27, which demonstrates that he had in fact consumed a significant amount of alcohol. He also later pleaded guilty to the offense, acknowledged the blood alcohol concentration result in the statement in advance of plea.

As noted above, the Defendant's testimony is likely to be the central issue in this case, which places his credibility at the forefront of deliberations. This prior instance of conduct regarding untruthfulness, therefore, carries great probative weight. The probative value of this evidence is heightened by the fact that the Defendant's statement was made in the context of a criminal case, which demonstrates a greater willingness to lie when facing potential consequences within the criminal justice system.

Unlike his felony conviction, this piece of evidence does carry some additional prejudice. However, this prejudice is not undue because, again, it is expected that the Defendant is likely to place his credibility at the heart of this case by arguing that he was not aware that he was a felon. It is also not undue, as it was the Defendant who made the decision to lie in a previous criminal matter in an attempt to protect himself from the potential consequences of his actions. His current state of jeopardy has the potential to encourage a similar (if not greater) motivation to fabricate an explanation for what he did. As a result, the United States is entitled under the Rule 608(b) to cross-examine the Defendant on this point. The jury also deserves to be made aware of the Defendant's prior instance dishonesty in a criminal matter as they weigh his credibility and deliberate over the facts of this case.

The United States does not know what the Defendant will say in response to questions about this prior instance of dishonesty and cannot offer extrinsic evidence in

14

support of any such questions. As such, it will wait to craft and submit a proposed jury instruction on this issue once the Defendant's answers are fleshed out.

Potential Attorney Witness as Rebuttal Evidence

While the United States expects the Defendant to take the witness stand in this case, it does not know for certain that this will happen nor what the Defendant will specifically testify to. However, should the Defendant testify, the United States recognizes that there is the possibility that he could make a claim that his counsel in his felony case (Utah Third District Court, case number 151907906) advised him in a way that led him to believe that he was no longer a felon.

Under Rule 502 (*Attorney-Client Privilege; Limitations on Waiver*) of the Federal Rules of Evidence, any such statement made by the Defendant in this federal proceeding would be an intentional waiver of his attorney client-privilege with prior counsel as to the "subject matter."[3] As a result, the United States would therefore be able to call his prior counsel to testify to any statements he made (or did not make) to the Defendant about his felony conviction, and what this attorney's practice is concerning statements related to felony reductions/expungements, including reductions/expungements of felony DUIs.

---

[3] *See United States v. Pinson*, 584 F.3d 972, 977-78 (10th Cir. 2009), affirming specifically that when a person includes in their defense a claim about communications between they and their attorney this advice of counsel claim acts as an implied waiver of the subject matter, and they thereby waive the right to object to the attorney's account of what happened.

## Conclusion

The United States will alert the Court and counsel to any further issues or evidence should such arise after the filing of this brief.

Dated this 20th day of March, 2023.

                                          TRINA A. HIGGINS
                                        United States Attorney


                                        ___/s/ Sam Pead_____
                                        SAM PEAD
                                        VICTORIA K. McFARLAND
                                        Assistant United States Attorneys