IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CODY BYRON TEERLINK,<br>Defendant. | JURY INSTRUCTIONS<br><br>Case No. 2:22-CR-00024-001<br><br>Judge Ted Stewart |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CODY BYRON TEERLINK,<br>Defendant. | JURY INSTRUCTIONS<br><br>Case No. 2:22-CR-00024-001<br><br>Judge Ted Stewart |

INSTRUCTION NO. 1

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply to those facts the law as the Court will give it to you. You must follow that law whether you agree with it or not.

Nothing the Court may say or do during the course of the trial is intended to indicate nor should be taken by you as indicating what your verdict should be.

INSTRUCTION NO. 2

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

INSTRUCTION NO. 3

As you know, this is a criminal case. There are three basic rules about a criminal case which you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The charges against the defendant, CODY BYRON TEERLINK, are stated in a document called an Indictment. The Indictment against the defendant brought by the government is only an accusation, nothing more. Its purpose is to give notice of the charges against a defendant. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict from considering the fact that the defendant may not have testified.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that, in this respect, a criminal case is different than a civil case.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

INSTRUCTION NO. 4

Next, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone, including fellow jurors, or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. Not talking about this case means not talking about it in any way, including by Internet, e-mail, text message and instant communication devices or services, such as cell phones, Blackberrys, iPhones, or electronic social networking websites or blogs including Google, Facebook, Twitter, My Space, Linkedin, YouTube, and so on.

Second, do not read or listen to anything touching on this case in any way. Do not watch or listen to any news reports concerning this trial on television or on the radio, and do not read any news accounts of this trial in a newspaper, on the Internet, or on any instant communication device, again including Facebook, Twitter, and so on. If anyone should try to talk to you about it, bring it to the Court's attention promptly.

Third, do not do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

INSTRUCTION NO. 5

During the trial it may be necessary for me to talk with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working.

The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

INSTRUCTION NO. 6

At the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

INSTRUCTION NO. 7

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses, whom the government may cross-examine.

After all the evidence is in, the Court will give you instructions on the law, after which the attorneys for the United States and defendant will present their closing arguments to summarize and interpret the evidence for you.

After that, you will retire to deliberate on your verdict.

INSTRUCTION NO. 8

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law to the facts as you find them from the evidence received during the trial.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view or opinion of the law than that given in these instructions of the Court, just as it would be a violation of your sworn duty, as judges of the facts, to base your verdict upon anything but the evidence received in this case.

You are to disregard any evidence offered at trial that was rejected by the Court. You are not to consider the opening statements and the arguments of counsel as evidence. Their purpose is merely to assist you in analyzing and considering the evidence presented at trial.

The Court did not, by any words uttered during the trial, and the Court does not, by these instructions, give or intimate, or wish to be understood by you as giving or intimating, any opinions as to what has or has not been proven in this case, nor as to what are or are not facts in the case.

INSTRUCTION NO. 9

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Indictment and the denial made by the defendant's "not guilty" plea. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the defendant and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

INSTRUCTION NO. 10

The defendant, CODY BYRON TEERLINK, has pleaded "not guilty" to the charges against him contained in the Indictment. This plea puts at issue the essential elements of the offenses as described in these instructions, and imposes on the United States the burden of establishing each of these elements by proof beyond a reasonable doubt.

INSTRUCTION NO. 11

An Indictment is but a formal method of accusing a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crimes charged. Even though an Indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

INSTRUCTION NO. 12

The defendant is not on trial for any act or any conduct not specifically charged in the Indictment.

INSTRUCTION NO. 13

A separate crime is charged against the defendant in each count of the Indictment. You must separately consider the evidence against the defendant on each count and return a separate verdict for each count.

Your verdict as to any one count, whether it is guilty or not guilty, should not influence your verdict as to any other counts.

INSTRUCTION NO. 14

You, as jurors, are the sole judges of the credibility of witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

INSTRUCTION NO. 15

The testimony of the defendant should be judged in the same manner as the testimony of any other witness.

INSTRUCTION NO. 16

The testimony of the law enforcement officers should be judged in the same manner as the testimony of any other witness.

INSTRUCTION NO. 17

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

INSTRUCTION NO. 18

The questions asked by a lawyer for either party to this case are not evidence. If a lawyer asks a question of a witness which question contains an assertion of fact, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence.

INSTRUCTION NO. 19

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against any attorney or their client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of any attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of any such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it or speculate as to what the witness might have said if he or she had been permitted to answer the question.

INSTRUCTION NO. 20

During the course of the trial, I may have occasionally asked questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter — not to help one side of the case or hurt another side.

INSTRUCTION NO. 21

If any reference by the Court or by the attorneys to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

INSTRUCTION NO. 22

The punishment provided by law for the offenses charged in the Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the defendant.

INSTRUCTION NO. 23

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it in the most important of your own affairs. The government is not required to prove guilt beyond all doubt. It must, however, offer proof that excludes any "reasonable doubt" about the defendant's guilt.

A reasonable doubt is a doubt based on reason and thoughtful analysis after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

INSTRUCTION NO. 24

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

For example, if the fact to be proved is whether or not it rained, and a witness testified that he looked outside and saw it was raining, that would be direct evidence that it had rained. If the witness testified that he looked outside and saw that the ground was wet and people were closing their umbrellas, that would be circumstantial evidence that it had rained.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved. By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

Ultimately, you must weigh all of the evidence and be convinced of the defendant's guilt beyond a reasonable doubt before you may return a guilty verdict.

INSTRUCTION NO. 25

Count I of the Indictment against the defendant charges him as follows:

On or about March 12, 2021, in the District of Utah, CODY BYRON TEERLINK, defendant herein, in connection with the acquisition of a firearm, to wit: a Ruger Precision .338 Lapua rifle, from a licensed firearm dealer within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement intended and likely to deceive the firearm dealer with respect to any fact material to the lawfulness of such acquisition of the firearm, in that he falsely answered "no" on ATF form 4473 asking whether he had ever been convicted of a felony or any other crime punishable by imprisonment for more than one year, and, as he then knew, his answer was untrue, all in violation of 18 U.S.C. § 922(a)(6) and punishable pursuant to 18 U.S.C. § 924(a)(2).

Count II of the Indictment against the defendant charges him as follows:

On or about March 12, 2021, in the District of Utah, CODY BYRON TEERLINK, defendant herein, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Ruger Precision .338 Lapua rifle, and the firearm was in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(1).

Count III of the Indictment against the defendant charges him as follows:

On or about May 4, 2021, in the District of Utah, CODY BYRON TEERLINK, defendant herein, in connection with the attempted acquisition of a firearm, to wit: a

FNH Five-Seven 5.7x28mm semi-automatic pistol, from a licensed firearm dealer within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement intended and likely to deceive the firearm dealer with respect to any fact material to the lawfulness of such acquisition of the firearm, in that he falsely answered "no" on ATF form 4473 asking whether he had ever been convicted of a felony or any other crime punishable by imprisonment for more than one year, and, as he then knew, his answer was untrue, all in violation of 18 U.S.C. § 922(a)(6) and punishable pursuant to 18 U.S.C. § 924(a)(2).

Count IV of the Indictment against the defendant charges him as follows:

On or about May 8, 2021, in the District of Utah, CODY BYRON TEERLINK, defendant herein, in connection with the attempted acquisition of a firearm, to wit: a Radikal Arms NK-1 12 gauge rifle, from a licensed firearm dealer within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement intended and likely to deceive the firearm dealer with respect to any fact material to the lawfulness of such acquisition of the firearm, in that he falsely answered "no" on ATF form 4473 asking whether he had ever been convicted of a felony or any other crime punishable by imprisonment for more than one year, and, as he then knew, his answer was untrue, all in violation of 18 U.S.C. §922(a)(6) and punishable pursuant to 18 U.S.C. § 924(a)(2).

INSTRUCTION NO. 26

The defendant, Mr. Teerlink, is charged in Counts I, III, and IV with violations of 18 U.S.C. § 922(a)(6). This law makes it a crime to make a false statement to a licensed firearms dealer while acquiring or attempting to acquire a firearm. To find the defendant guilty of this crime you must be convinced that the government has proved each of the following three elements beyond a reasonable doubt:

**First**: the defendant made a false statement while acquiring or attempting to acquire a firearm from a licensed dealer;

**Second**: the defendant knew the statement was false; and

**Third**: the statement was intended to or was likely to deceive about a material fact, for example, one which would affect the legality of the transfer of the firearm from the dealer to the defendant.

A statement is "false or fictitious" if it was untrue when made and was then known to be untrue by the person making it.

A false statement is "likely to deceive" if the nature of the statement, considering all of the surrounding circumstances at the time it is made, is such that a reasonable person of ordinary prudence would have been actually deceived or misled.

If you are not convinced that the government has proved each of the above elements beyond a reasonable doubt, you must find the defendant not guilty under Counts I, III, and IV.

INSTRUCTION NO. 27

With regard to Counts I, III, and IV, the parties have stipulated — that is, they have agreed — to certain facts. Therefore, you must treat these facts as conclusively proven. Those facts are as follows:

- Before and during the time of the allegations in this case, the defendant, CODY BYRON TEERLINK, had previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year.
- The Ruger Precision .338 Lapua rifle, the FNH Five-Seven semi-automatic pistol, and the Radikal Arms NK-1 12-gauge rifle/shotgun are "firearms" under federal law.
- At the time of the allegations in this case, Scheels and Discount Guns were "licensed dealers" (Federal Firearms Licensees) under federal law.

INSTRUCTION NO. 28

The defendant is charged in Count II with a violation of 18 U.S.C. § 922(g)(1). This law makes it a crime for any person who has been previously convicted in any court of a felony to knowingly possess any firearm, in or affecting commerce. To find the defendant guilty of this crime you must be convinced that the government has proved each of the following four elements beyond a reasonable doubt:

**First**: the defendant knowingly possessed a firearm;

**Second**: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm;

**Third**: the defendant knew he was convicted of a felony at the time he possessed a firearm; and,

**Fourth**: before the defendant possessed the firearm, the firearm had moved at some time from one state to another.

If you are not convinced that the government has proved each of the above elements beyond a reasonable doubt, you must find the defendant not guilty under Count II.

INSTRUCTION NO. 29

With regard to Count II, the parties have stipulated — that is, they have agreed — to certain facts. Therefore, you must treat these facts as conclusively proven. Those facts are as follows:

- Before and during the time of the allegations in this case, the defendant, CODY BYRON TEERLINK, had previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year.
- The Ruger Precision .338 Lapua rifle is a "firearm" under federal law.
- The Ruger Precision .338 Lapua rifle had, at some time before the allegations in this case, moved from one state to another.

INSTRUCTION NO. 30

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact in question, unless you find that the defendant did not actually believe the fact in question.

## INSTRUCTION NO. 31

You have heard evidence that the defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year. This conviction has been admitted into evidence for two main reasons.

First, the defendant's status as a felon at the time of the allegations in this case is an element of Count II and a material fact for Counts I, III, and IV.

The second reason for the admission of this fact is that you may wish to consider it when you decide, as with any witness, how much of his testimony you will believe in this trial. Though you may consider this evidence as a factor in determining the defendant's credibility, the fact that the defendant has been convicted of another crime in the past does not mean that he committed the crime charged in this case, and you should only include this fact in your deliberations for the reasons stated in these instructions.

You may only find the defendant guilty of any of the crimes charged in this case if the government has proven each element for any such crime beyond a reasonable doubt.

INSTRUCTION NO. 31A

You heard evidence that the defendant was untruthful about facts in other matters.

These facts were admitted solely for you to consider when you decide, as with any witness, how much of his testimony you will believe in this trial. The fact that the defendant was untruthful in those situations does not mean that he committed the crime charged in this case, and you must not use evidence as proof of the crime charged in this case. You are only to consider this evidence in determining the defendant's credibility.

You may find him guilty of any crime or crimes charged in this case only if the government has proved beyond a reasonable doubt that he committed any such crime or crimes charged.

INSTRUCTION NO. 32

The attitude and conduct of jurors at the outset of their deliberations are matters of considerable importance. It is rarely productive or good for a juror, upon entering the jury room, to make an emphatic expression of his or her opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, his or her sense of pride may be aroused, and he or she may hesitate to recede from an announced position if shown that it is wrong.

INSTRUCTION NO. 33

Upon retiring to the jury room you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

The verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors for the mere purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have

told you many times, you are the sole judges of the facts.

A verdict form has been prepared for your convenience. When you have reached a unanimous agreement as to your verdict, your foreperson will fill in, date, and sign the verdict form upon which you have unanimously agreed. When you have reached unanimous agreement as to your verdict, the foreperson shall inform the court security officer and you shall return to the courtroom.

INSTRUCTION NO. 34

A copy of these instructions will also accompany you to the jury room. Do not write on the instructions. Do not concern yourselves with the number of the instructions, their sequence, or any gap in numbering. Instructions are numbered only for clerical convenience while the Court prepares the instructions.

INSTRUCTION NO. 35

If it becomes necessary during your deliberations to communicate with the Court, you may send a note through the court security officer, signed by your foreperson or by one or more jurors. No member of the jury should attempt to communicate with the Court by any means other than a signed writing; and the Court will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing or orally here in open court.

You will note from the oath the court security officer will take that they, as well as any other person, are also forbidden to communicate in any way with any juror about any subject touching the merits of the case.

Bear in mind also that you are not to reveal to any person — not even to the Court — how the jury stands numerically or otherwise until you have reached a unanimous verdict.

INSTRUCTION NO. 36

During your deliberations, you are able as a group to set your own schedule for deliberations. You may deliberate as late as you wish or recess at an appropriate time set by yourselves. You may set your own schedule for lunch and dinner breaks.

However, I do ask that you notify the court by a note if you plan to recess for the evening.